UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joseph D. Jones, | ) | Civil Action No.: 8:08-cv-1958-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| Henry McMaster, Mr. Tim Riley, | ) | |
| Warden Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254. Currently pending before the court is Respondents' [Docket Entry #19] motion for summary judgment filed on August 25, 2008. This matter is before the court with the Report and Recommendation [Docket Entry #25] of Magistrate Judge Bruce Howe Hendricks filed on December 16, 2008.[1]

In her Report, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted and the matter be dismissed with prejudice. Petitioner timely filed Objections [Docket Entry #27] to the Magistrate's Report and Recommendation on December 23, 2008.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1]   This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Discussion

Petitioner raised the following four grounds for relief in the instant habeas corpus petition: 1) Ground one - Ineffective assistance of counsel; 2) Ground two - Denial of Fair Trial; 3) Ground three - Prosecutorial misconduct; and 4) Ground four - Brady violation. The Magistrate Judge recommended that grounds three and four be dismissed as procedurally barred. The Magistrate Judge found that grounds one and two were due to be denied on the merits.

In his objections, Petitioner fails to specifically address the findings and recommendations of the Magistrate Judge. Instead, Petitioner simply requests that this court issue a stay so that he can file a post-conviction relief application against his state PCR attorney for failing to file a Rule 59(e) motion asking for specific findings of fact and conclusions of law on all allegations raised in Petitioner's first state PCR proceeding.

It is well-established that ineffective assistance of counsel on collateral review is not cause to excuse procedural default. *See Joseph v. Angelone*, 184 F.3d 320, 325 (4th Cir. 1999); *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997) (en banc).

Because Petitioner has not directed the court to any specific error in the Magistrate Judge's Report, the court is not required to conduct a *de novo* review of the Magistrate Judge's proposed findings and recommendations. *See Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has reviewed the Magistrate Judge's Report and the applicable law and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Petitioner's objections and finds that they lack merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #25] of the Magistrate Judge. Respondent's [Docket Entry #19] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

December 31, 2008                                                s/ R. Bryan Harwell
Florence, South Carolina                                         R. Bryan Harwell
                                                                 United States District Judge